## THOMAS LIGHTSEY v. CAROLINE LIGHTSEY

8 So. (2nd) 399                                                    Division B
May 26, 1942                        Rehearing Denied June 18, 1942

Carlton C. Arnow and F. R. C. Koester, for appellant.

Mabry, Reaves, Carlton & White, for appellee.

TERRELL, J.:

In July, 1923, Caroline Lightsey secured a final decree of divorce from Thomas Lightsey. She was awarded a judgment for $100 per month permanent alimony, $250 for attorney's fee, and $1000 for non payment of temporary alimony. Both parties left the State within a month of the entry of the final decree and before anything was paid on the judgment. Caroline Lightsey remarried in September, 1930, and this suit was brought by petition for citation in September, 1940, to recover.the sums due on the final judgment at the time of the remarriage of Caroline Lightsey. The trial court found for the plaintiff and entered judgment for $8400 alimony, $250 attorney's fee, and ten dollars cost. Writ of error was prosecuted to that judgment.

It is contended that the trial court abused its discretion in entering the final judgment and that the claim on which it is predicated is barred by laches.

We treat both points as one question. It appears from the record that when the final decree was entered, defendant was a dentist with a good practice residing in St. Petersburg, Florida. He forthwith left the States for parts unknown and at no time thought to communicate with complainant or apprise her of his forwarding address. Years later, he returned to Florida and practiced his profession at Miami under an assumed name. After a period at Miami, he went to Jacksonville where he cast aside his assumed name, resumed his proper name, and formed a connection with a firm of dentists to practice his profesion. He had succeeded in secreting himself from complainant for seventeen years though she was attempting to locate him all the time. In

one of these attempts, she was injured permanently in an automobile accident and is now a charity patient in a hospital operated by her husband's brother in Indiana. She was a trained nurse and had lived in several states.

Under these circumstances, the doctor says that he should not be required to pay the judgment because the wife made no demand on him, that her claim is barred by laches and that the trial court should be restrained from ordering execution in her favor.

He contends, in other words, that if he is shrewd enough to hide out seventeen years and evade process, he should be relieved of the judgment for laches despite the fact that he makes no claim that he was adversely affected by the delay and is as silent as the sphinx as to his ability to pay. To permit such a contention to prevail would be to chloroform the element of right and justice on which all such controversies rest and glorify any technical defense offered to defeat it. It would be comparable to the old pioneer Florida story wherein the young candidate for the ministry was called up for examination. After taking the examination, he was radiant in the confidence that he had answered every question propounded to him but his enthusiasm was soon cooled by advice from the committee to the effect that while he had answered the questions correctly, his license to preach must be denied because he had spelled Jesus with a little "g".

In every controversy like this, there is implicit in it the question of right and wrong. In a system for administering justice like ours, it is the motor that drives the judicial process; statutes and rules of court are the guides by which just conclusions are reached

and were never designed to do more. Since the law delights in the payment of honest claims, it should be construed to pay rather than to evade. This principle is as sound in law as it is in morals. To permit the plaintiff in error to evade payment in the manner proposed would be a use of the processes of the law for purposes they were never designed to accomplish. Technical defenses often serve a good purpose in crystalizing the issues and in washing out extraneous matter but they should not be permitted to "blackout" the justice of the cause.

The record discloses nothing to support the defense of laches. The true test to apply laches is whether or not the delay has resulted in injury, embarrassment, or disadvantage to any person and particularly to the person against whom relief is sought. Plaintiff in error does not contend that the delay has affected him adversely and being so, he should not be permitted to invoke it.

The trial court took the position that the plaintiff had a vested property right in the accrued and unpaid alimony payments and entered judgment accordingly.

We find no reason whatever to reverse the judgment so it is affirmed.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.