47 So.2d 694 (1950)
BLOCKER
v.
FERGUSON.
Supreme Court of Florida, en Banc.
July 18, 1950.
Rehearing Denied September 11, 1950.
*695 D. Niel Ferguson, of Ocala, for appellant.
Lanas Troxler, Jacksonville, for appellee.
SEBRING, Justice.
The appeal involves the propriety of an order denying a motion to dismiss a bill of complaint and the entry of a final decree in favor of the plaintiff on motion for decree on bill and answer.
As appears from the record in the cause, Edna Gatrell Ferguson, on July 2, 1927, procured a final decree of divorce in the Circuit Court of Brevard County, Florida, from her husband, R.D. Ferguson; the decree requiring the husband to pay $100 a month permanent alimony, until the further order of the court. Later, the defendant changed his residence to Marion County, Florida, and thereafter contracted a second marriage. On June 30, 1947, the defendant died, leaving a widow, who has been adjudged to be legally incompetent, and four minor children who were born of the marriage. In due course the last will and testament of the decedent was duly admitted to probate in Marion County.
Within the time prescribed by law, Edna Gatrell Ferguson filed a sworn claim against the estate of the decedent for $23,000, claiming that this amount was owed by the decedent for past due alimony from October 25, 1927, to the date of the death of the decedent. The executor of the estate refused to pay the claim or recognize it as valid. On June 30, 1948 the claimant instituted a supplementary proceeding against the executor in the divorce theretofore pending in Brevard County. The petition alleged, in substance, that the decedent had *696 never paid any alimony during his lifetime although on two occasions during the years 1927 and 1928 the claimant had tried to enforce payment; that by reason of the refusal of the decedent to pay the alimony as and when it accrued, the petitioner had lost her home "which was at that time encumbered by a mortgage, and as petitioner's capacity to earn a living for herself was limited to child care, she was unable to discharge and satisfy said mortgage, so that she under pressure of financial distress executed her deed to her said home to the mortgagee of same, and that for a long period of time, since she became divorced from the decedent as aforesaid, your petitioner has suffered the want of the ordinary comforts of life which the regular payment of said $100.00 monthly installments of permanent alimony would have provided * * * that the said decedent, during his lifetime, was a very successful practicing physician, and could well have afforded to make the payment of the monthly installments * * *." The prayer of the petition was that the court adjudicate the amount of permanent alimony due and owing and that judgment de bonis testatoris be entered against the estate for the amount so adjudicated.
A motion to dismiss the petition was filed by the executor, on the grounds, among others, that the petitioner had been guilty of laches, that the claim was stale, and that the petitioner should be estopped to assert her claim because of the long period of time elapsing between the rendition of the alimony order and the suit to enforce her claim thereunder. Upon a hearing the motion to dismiss was denied and the executor was ordered to answer.
In the answer filed pursuant to the order, the executor denied that during his lifetime the decedent paid only the first three installments of permanent alimony and denied that there was any amount due and owing under the alimony order. Further answering, the executor averred, "that of the marriage of the said R.D. Ferguson with said petitioner there was born one child, Sara Edna, who at the time of the death of the said R.D. Ferguson was thirty years of age and married; that the said R.D. Ferguson from the time of the said divorce * * * supported and educated the said Sara Edna Ferguson without any cost or hardship on the part of the said plaintiff until the marriage of the said Sara Edna Ferguson, and that the plaintiff petitioner accepted the same as compliance by the said R.D. Ferguson with the terms of the said divorce decree * * * that the said R.D. Ferguson caused the said Sara Edna Ferguson to receive from the estate of one Gardner, an estate administered in the Probate Court of Brevard County, Florida, shortly after the entry in the Circuit Court of said County of said divorce decree, the sum of five thousand dollars in cash, and that petitioner complainant treated the payment thereof to their offspring as a full and complete compromise and settlement of the said alimony and of all the differences between the said R.D. Ferguson and the plaintiff, and that the plaintiff petitioner acquiesced in the said settlement for the remainder of the period of time from that time until after the death of the said R.D. Ferguson, and the plaintiff petitioner never from that time during the remainder of the lifetime of the said R.D. Ferguson asserted any liability against the said R.D. Ferguson for any alimony thereunder, and * * * through her acts and unexplained silence and delay is now estopped to * * * have said claim enforced * * * that in these intervening approximately twenty years of unexplained and unreasonable delay the plaintiff was at all times a resident of Brevard, Orange and Marion Counties, Florida, and the said R.D. Ferguson was a resident of Brevard and Union Counties, Florida, for a short period, and the remainder of his life was spent in Marion County, Florida, and the plaintiff had free and ample opportunity to attempt to enforce the payments of said alimony * * * that during said time the said R.D. Ferguson remarried with the knowledge of the Petitioner, and at the time of his death, through his second marriage, he left him surviving his widow, who is * * under disability, and * * * [four minor] children of the second marriage * * and that the plaintiff well knew of the existence of the increasing family of the said R.D. Ferguson during said years, and his *697 increasing responsibilities * * * and did nothing to enforce the payments which she well knew * * * could have been enforced if any liability therefor existed between them * * * that such circumstances were such as to make the said R.D. Ferguson or any other reasonably prudent person believe that the plaintiff had abandoned and surrendered her claim for such alimony, if any liability therefor existed, and that to allow the plaintiff to maintain and establish and enforce her stale claim for the sum of $23,000 after such unreasonable and unexplained delay in the face of the changed conditions and disadvantages occasioned by said delay, viz.: his intervening death which has silenced him and removed his testimony to the prejudice and injury of the defendant, the smallness of the resources of his estate [approximately $6,000], the resulting loss of his earning capacity with the resultant disadvantage to his estate and offspring and widow, would be inequitable and unjust, wherefore this defendant says that * * * the plaintiff is guilty of laches, and that this Honorable Court through its inherent right and power to control its decrees should not permit the plaintiff to enforce the said claim * * * and should decree that her claim should be denied the processes of this Court for enforcement and dismiss this proceeding * * *."
Accompanying the answer was a cross bill which reaverred all the allegations of the answer and which prayed that upon a hearing of the facts the court enter its decree holding the former wife to have been guilty of laches and that she should be estopped from enforcing her claim, the payment of which from the small assets of the estate would result in the impoverishment of the legally incompetent widow and the four minor children who were the issue of the second marriage.
A motion to strike the answer and to dismiss the cross bill was filed by the plaintiff. With this motion was also filed a motion for decree on bill and answer. At a hearing on the motions the court held that "the answer of defendant is insufficient and not amendable" and accordingly entered its decree "that there is due and owing to the complainant Edna Gatrell Ferguson, by the Estate of Robert D. Ferguson, deceased, for accrued alimony, the sum of $23,000, and * * * that the complainant Edna Gatrell Ferguson, do have and recover out of the assets of the Estate * * * the sum of Twenty Three Thousand Dollars * * *."
We are of the view that the chancellor did not commit error in refusing to grant the motion to dismiss the petition. It is well settled that so long as past-due installments of alimony under a valid decree remain unsatisfied they constitute vested property rights, Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205, which are enforceable against the estate of the deceased husband in the manner and by the method provided by law for the enforcement of any other claim or demand against the estate of a decedent. Fields v. Fields, 140 Fla. 269, 191 So. 512. And where payment of such a properly filed claim in the probate court is refused or disputed by the personal representative, the claimant has her remedy by bringing in the personal representative as a party to a supplementary proceeding brought for the purpose of adjudicating the validity of the demand, filed in the original suit in which the alimony decree was rendered. Compare Guinta v. Lo Re, 159 Fla. 448, 31 So.2d 704. The petitioner alleged facts sufficient to bring her case within the rules stated and hence it cannot be said that the petition was wholly without equity.
Whether the chancellor acted correctly in entering a decree on motion for bill and answer is quite a different matter. Section 63.40, Florida Statutes, 1941, F.S.A., provides: "The plaintiff may, within ten days after the filing of the answer, or within such further time as the court may allow, move for a decree on bill and answer, and if the motion be overruled the plaintiff shall have the right to proceed to trial, notwithstanding the motion or order thereon and, if the answer be found insufficient as a defense, but amendable, the court may permit it to be amended on such terms and conditions as may be equitable." Where a cause is set down *698 by plaintiff for a hearing under this statute, the plaintiff is deemed to have admitted the truth of all averments of the answer which are responsive to the bill, or are in confession and avoidance of it. Douglass v. Tax Equities, Inc., 144 Fla. 801, 198 So. 578; Miami Bridge Company v. Miami Beach Railway Co., 152 Fla. 458, 12 So.2d 438; Sullivan v. Givens, 155 Fla. 445, 20 So.2d 493; Sudduth v. Hutchison, Fla., 42 So.2d 355.
As appears on the face of the petition filed in the supplementary proceeding, the petitioner did nothing over a period of approximately 20 years toward asserting her claim for alimony payments as they accrued. The reason for the inaction or delay is not explained or excused in her pleading. In the answer it is averred that soon after the divorce between the parties, the decedent procured the payment of $5,000 to a minor daughter of the marriage, which at the time and subsequently until the death of the decedent, was treated by the petitioner "as a full and complete compromise and settlement of the said alimony." After the transaction the petitioner never asserted any claim for alimony, although she knew where the petitioner lived and that his financial obligations were increasing by reason of a second marriage and birth of issue. It was only after death "had silenced him and removed his testimony to the prejudice and injury of the defendant," that she sought to satisfy the obligation. We think that the picture made by the pleadings presented issues upon which evidence should have been taken. It cannot be said, therefore, that the answer was "insufficient and not amendable."
While mere inaction or delay in the enforcement of a vested right is ordinarily not enough, when standing alone, upon which to predicate the defense of laches, Lightsey v. Lightsey, 150 Fla. 664, 8 So.2d 399, unexplained and unexcused delay for an unreasonable length of time may constitute such laches as will forfeit the right to enforcement of the claim by a court of equity.
As stated in Openshaw v. Openshaw, 105 Utah 574, 144 P.2d 528, 530: "When the right to collect money under the terms of a decree has vested, it is not within the province of a court to divest such right, unless the party who claims the right has acted in such a manner as to clearly prejudice the substantial rights of the party against whom the right is sought to be enforced * * * `While delay is an important factor, yet mere delay, unless unreasonable or inexcusable, is not enough; and of equal importance are the circumstances occurring during the delay, the relation of the parties to the subject, disadvantages that may have come through loss of evidence, change of title, intervention of equities, or injury from other causes.'"
And in Gordon v. Baker, 182 Ill. App. 587, it is said: "When a court of equity is asked to lend its aid in the enforcement of a demand that has become stale, there must be some cogent and weighty reasons presented why it has been permitted to do so."
We conclude that the decree appealed from should be reversed with directions that the cause be brought to issue. We make no attempt to direct the chancellor in respect to the decree that should finally be entered after evidence has been submitted on issues that may emerge from the petition and answer, the cross bill and reply thereto. That is a matter for the chancellor to decide after the evidence is in; subject, of course, to the right of review in the event it be deemed by either party that the decree finally entered does not conform to the principles herein stated and does not accord with equity and justice.
Reversed.
ADAMS, C.J., and THOMAS and HOBSON, JJ., concur.
CHAPMAN and ROBERTS, JJ., dissent.
TERRELL, J., not participating.
CHAPMAN, Justice (dissenting).
It appears by the record in this case that the Circuit Court of Brevard County, Florida, on June 25, 1927, by an appropriate decree divorced Edna Gatrell and R.D. Ferguson. *699 One of the provisions of the decree required R.D. Ferguson to pay to Edna Gatrell Ferguson on the 15th day of each month, beginning on July 15, 1927, the sum of $100 per month, in cash, as and for permanent alimony and maintenance until the further order of the Court. Sometime thereafter R.D. Ferguson, who was a physician, changed his residence from Brevard to Marion County and married Louise Lockwood. Four children were born to the marriage viz.: (1) Deborah L. Ferguson, a daughter, eighteen years of age; (2) Marcia L. Ferguson, a daughter, fourteen years of age; (3) Robert D. Ferguson, a son, eleven years of age; and (4) James G. Ferguson, a son, four years of age. Dr. Ferguson died testate on June 30, 1947, and named as executrix and executor of his last will and testament his wife, Louise Lockwood Ferguson and J. Ed Blocker. On August 25, 1947, the Probate Court of Marion County entered an order removing the wife as executrix because of physical disabilities.
An itemized statement or report as made by the appraisers of the estate of the late R.D. Ferguson and filed in the office of County Judge of Marion County, Florida, fixed the value thereof in the approximate sum of $6,000. The widow of the late Dr. Ferguson and mother of the four children is now an incompetent and the estate is in process of administration in the County Judge's Court of Marion County under an order conferring authority so to do on J. Ed Blocker, acting as executor and personal representative of the estate of the decedent.
On March 11, 1948, within the statutory period for filing claims or demands against the estate of the decedent, the former wife, Edna Gatrell Ferguson, presented her sworn claim in the County Judge's Court of Marion County, Florida, for arrearages of alimony flowing to her from the final decree dated June 25, 1927. The claim recited that the estate of the decedent was due her alimony in the sum of $100 per month, after October 15, 1927, and for each month and year subsequent to said date until the time of filing the claim on March 11, 1948, in the total sum of $23,000. The executor filed his objections to the allowance or approval of the claim or demand and declined or refused to recognize the same and contended that under the peculiar circumstances of this case he should not, as a matter of law, be required to pay the alleged alimony claim.
On June 30, 1948, Edna Gatrell Ferguson filed her petition in the Circuit Court of Brevard County against the defendant-appellant and alleged that the Ferguson estate was due and legally obligated to pay her alimony in the sum of $23,000. She set forth in the petition her financial difficulties and alleged further that the late Dr. Ferguson was a successful physician and financially able during his lifetime to make payment of the monthly installments of alimony since June 25, 1927. She prayed for a hearing and an opportunity to establish by competent evidence the exact amount of accrued alimony due her under the final decree. A rule to show cause issued on the petition under date of July 16, 1948. A motion to dismiss on various grounds was directed to the petition, but an order overruling the same was entered below. The executor filed an answer to the petition as well as a cross bill in which affirmative relief was prayed for. The case was heard on the pleadings in the court below, when a final decree was entered directing the executor to pay from the funds of the estate accrued alimony in the sum of $23,000. From this final decree the executor appealed.
It is contended that the decree directing the executor to pay from the funds of the Ferguson estate arrearages of alimony from October 15, 1927, until 1948 in the total sum of $23,000 was erroneous for various reasons viz.: (1) the appellee took no steps to enforce payment of alimony arrearages until after the death of her former husband; (2) the appellee knew or must be held to know that Dr. Ferguson had remarried and had children born to the marriage who were each dependent upon him for support; (3) Dr. Ferguson supported, maintained and educated their daughter, Sara Edna Ferguson, until her marriage at 30 years of age, without cost to the petitioner, with her consent and approval and the decree below *700 fails to allow credit therefor; (4) it was the lawful and equitable duty of the appellee to institute proceedings to collect arrearages of alimony prior to the death of Dr. Ferguson; (5) the conditions and circumstances of the parties have so changed since 1927 and the rights of innocent third parties have so intervened during the period that it is now inequitable to permit or allow the alimony claim; (6) it appears by the record that the petitioner has not proceeded in the cause in good faith and with reasonable diligence; (7) the decree appealed from approves stale claims and rewards the petitioner who slept upon her rights; (8) lapse of time and death of Dr. Ferguson renders it difficult or impossible to give evidence as to the merits of these stale claims; (9) equity rewards the diligent and not those who sleep upon their rights; (10) the conduct of the petitioner is such that she is now barred by laches, delay, the lack of diligence and estoppel, and by her conduct has waived the right to assert her claims in a court of equity.
It is settled law that a wife may recover accrued alimony against a deceased husband's estate to the date of his death and it is generally done by bringing in his executor as a party to the proceeding for the purpose of enforcing the demand. Fields v. Fields, 140 Fla. 269, 191 So. 512. The case of Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205, involved a final decree for alimony in behalf of the wife in the sum of $4050. The Legislature enacted Chapter 16780, Acts of 1935, Laws of Florida, F.S.A. § 65.15, which authorized the courts of Florida to alter or modify alimony allowance because of financial changes in the circumstances and conditions of the parties  upon notice. The final decree in the sum of $4050 was not affected by the terms of the Act, supra, as the decree was final in amount and beyond the power of the Legislature to alter or change by an enactment.
The case of Lightsey v. Lightsey, 150 Fla. 664, 8 So.2d 399, involved a final decree for alimony in the sum of $8400. The husband left the State of Florida in 1923 when the decree was entered and was away for 17 years and later returned to the City of Miami and practiced his profession as a dentist. He secreted himself from his former wife for 17 years and she endeavored to locate him during the period. She was injured in an automobile accident and was a charity patient in a hospital. The husband resisted payment of the decree on the ground of laches. We held against his contentions and sustained the alimony decree.
Chapter 16780, Acts of 1935, Laws of Florida, Section 65.15, F.S.A., grants the power and authority to courts of competent jurisdiction of the State of Florida to modify, alter or change agreements of parties and final decrees awarding alimony existing both prior and subsequent to the effective date of Chapter 16780, supra, because of changed financial circumstances of the parties. The power reposed in the courts of Florida to modify and alter agreements as to alimony and decrees awarding alimony because of changed financial conditions of the parties by the terms of the Act is declared the existing public policy and laws of the State of Florida. Our adjudications reflect that the terms and provisions of this Act have been applied here on many occasions since the effective date. The alimony decree here presented and dated June 25, 1927, in part provided that the allowance shall be "for permanent alimony and maintenance until the further order of this court".
Payment of alimony to the wife on the part of a husband is both a statutory and common law obligation as to husband's duty to support the wife is a natural one. It is to him that the wife turns for affection, protection, shelter, clothing and her daily bread in its broadest significance. Her support and maintenance are a continuing responsibility and our courts usually decree alimony payments in certain amounts and at regular intervals so as to prevent the wife becoming a public charge. In the case at bar it may be reasonably assumed that the wife supported herself as a result of her own toil for a period of more than twenty years without receiving payments of alimony, although the courts during this period were available to hear and adjudicate her complaints and to enforce as against her former husband all alimony provisions *701 of the divorce decree. She delayed action for a twenty year period with a knowledge of her former husband's remarriage and the possible birth of his children and, for reasons best known to herself, remained silent and elected to file her petition shortly after the death of Dr. Ferguson. She must be held to know that equity rewards the vigilant and not those sleeping upon their rights. It would be inequitable to permit or allow payment of her stale alimony claim, even in part, by the executor of this $6,000 now essential and necessary for the support and maintenance of the infants of Dr. Ferguson's second marriage ranging from four to eighteen years of age.
I would reverse the decree appealed from and dismiss the bill of complaint.
ROBERTS, J., concurs.