202 So.2d 775 (1967)
Alfred GOTTESMAN, Appellant,
v.
Lena GOTTESMAN, Appellee.
No. 66-1048.
District Court of Appeal of Florida, Third District.
September 26, 1967.
Rehearing Denied October 17, 1967.
*776 Theodore M. Epstein, Horton & Schwartz, Miami, for appellant.
Howard Pelzner, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
This is an appeal by an ex-husband from a post final (divorce) decree order entering judgment against him for past due alimony and granting his petition for reduction of alimony.
The parties were divorced by a decree of the circuit court on May 11, 1950, in which the alimony provided for was $12,400 for the first year and $10,400 per year thereafter, payable in weekly installments. Beginning in 1957, the husband became in arrears. For that year the arrears amounted to $1,400. In the succeeding years, to 1966, the arrears ranged between $3,600 and $5,950, being approximately $5,000 per year.
In April of 1966 the husband filed a petition for modification of the decree, seeking a reduction in the alimony. He alleged that his financial condition had "deteriorated" five years before, and that because thereof the parties had agreed on a reduction of the alimony to $500 per month. Thereafter, on August 2, 1966, the wife filed a petition for the issuance of a rule to show cause against the husband, alleging arrears of alimony in the amount of $43,216. A rule nisi was issued and made returnable September 6, 1966. The husband filed a response to the rule, averring the wife had agreed to the reductions in alimony represented by the claimed arrears, and that by reason of not having asserted a claim for such arrears until "a short time prior to the filing of her petition" (in August of 1966) her claim to arrears was barred by laches. In his response the husband further averred that the enforcement of the claim for arrears against him would be harsh and oppressive.
Following a hearing held in the circuit court on the husband's petition for modification and the wife's rule to show cause relating to the claimed arrears, an order was entered finding the husband to be in arrears in payment of alimony in the sum of $43,216 as of April 30, 1966, granting judgment against him for that amount, and authorizing execution to issue thereon. The order also granted the husband's petition for modification and reduced the alimony to $500 a month from May 1, 1966. The finding upon which the latter ruling was made was "the testimony of the husband reveals that there has in fact been a change in his financial condition warranting a change in the alimony payments to Five Hundred ($500.00) Dollars per month which payments shall commence as of May 1st, 1966 and continue until further Order of the Court." Included in the order was an allowance of $1,000 for the wife's attorney.
On this appeal it is contended on behalf of the husband that the judgment entered against him for arrears of alimony should be reversed because the wife's claim thereto was barred by laches. A second contention of the appellant is that in view of his advanced age (78 years), his ill health and his financial condition at present and for the past five years, the failure of the court to grant a larger reduction in alimony was an *777 abuse of discretion. A third contention of the appellant, challenging the award of attorney's fees was tied in with the first point asserted on the appeal, contending, on the assumption the judgment for delinquent alimony payments should not have been entered, that the fee in the amount awarded was not justified.
We have considered these several contentions in the light of the record and briefs and hold them to be without merit. Defaulted installments of alimony ordered to be paid in a divorce decree constitute vested rights in the wife not subject to subsequent modification. Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205, 208; Andruss v. Andruss, 144 Fla. 641, 198 So. 213, 214; Blocker v. Ferguson, Fla. 1950, 47 So.2d 694, 697. The right of the wife to collect such delinquent alimony can be waived by her by agreement. In this instance the averment in the husband's response that the wife had so agreed was not established in the evidence. However, the appellant argues that the wife was estopped to collect the arrears of alimony because of her actions with reference to the prolonged delinquencies, citing and relying upon the case of Brown v. Brown, Fla.App. 1959, 108 So.2d 492, decided by the Second District Court of Appeal.
With regard to estoppel, the Brown case is distinguishable from the instant case on the facts. In both cases there was the element of delay by the wife in enforcing a claim for arrears. In the Brown case the period was eleven years. Here it was nine years. The material factual difference in the two cases is that in Brown (as recited by the court in that case) "in reliance upon her acquiescence in his hiring and taking the boys into the business with him and his failure to make any payments, he proceeded to enter into his fourth marriage and to acquire children. Also he testified that he would not have disposed of his interest in the business and retired, except for his understanding that appellant would not make further demands upon him under the decree." It was further revealed in the opinion in the Brown case that the evidence showed the husband had no income except certain monthly payments from the sale of his business, in amounts no greater than required to support himself and his family and take care of his fixed obligations.
The present case does not present comparable facts showing a change of position by the husband in reliance on any understanding or assumption that the wife would not seek collection of the arrears.
The basis urged for application of the estoppel principle in this case is that because the wife for the past five years knew of the husband's deteriorated financial position, her continuance to accept less than the decreed amount of alimony over that period without claiming the arrears until after the husband had sought a court order for reduction of the alimony amounted to laches and should operate as an estoppel precluding her from collection thereof. We conclude that the inaction of the wife was not such as to create an estoppel, and her delay in enforcement, without a change of position of the husband to his detriment in reliance thereon or otherwise under circumstances such as to make it inequitable to enforce her claim for arrears, did not amount to laches. Compare Blocker v. Ferguson, supra, Fla. 1950, 74 So.2d 694, 698. See 10 Fla.Jur., Divorce § 222. Moreover, the action of the husband in petitioning in 1966 to reduce the amount of the alimony as provided for in the decree was inconsistent with his present contention that the alimony had been substantially reduced some years before by assent of the wife. We hold, therefore, that the trial judge was eminently correct in concluding that on the facts presented the wife's claim for the alimony arrears was not barred by estoppel or laches.
The reduction in alimony which the court granted to the husband on his petition was substantial. The decision of that matter was one resting largely in the discretion of the trial judge, and we are unable to *778 agree with the appellant that the failure to grant a further or larger reduction was an abuse of discretion. Likewise, we find no basis in the record for reversal of the allowance of the wife's attorney fee, which was granted pursuant to § 65.16(1) Fla. Stat., F.S.A.
Affirmed.