309 So.2d 38 (1975)
Felix Albert JIMENEZ, Appellant,
v.
Aleida JIMENEZ, Appellee.
No. 74-497.
District Court of Appeal of Florida, Third District.
February 11, 1975.
Rehearing Denied March 26, 1975.
Anthony F. Paterno, Miami, for appellant.
Louis Winter, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant seeks review of an order of contempt finding appellant delinquent in support payments of appellee, his ex-wife, and his child in the amount of $16,750.00.
Appellant, Felix Albert Jimenez and appellee, Aleida Jimenez were divorced in 1965. The final decree of divorce directed Felix Jimenez to pay $50.00 per week to the clerk of the court for the use of his ex-wife, Aleida Jimenez and their minor child, Daisy De Los Angeles Jimenez. Pursuant thereto, appellant made payments to the clerk of the court. However, when appellee, Aleida Jimenez was sent to jail for nine or ten months, appellant began making the support payments directly to his daughter Daisy. In addition, he paid her tuition for boarding school for four years, and furnished his daughter with spending money and the air fare to fly from boarding school to Miami during vacations. Appellant also employed Daisy when she finished school and while she was residing with her mother.
In November 1973, plaintiff-appellee, Aleida Jimenez, filed a motion for contempt and motion to modify final judgment of divorce as to alimony. She alleged therein that appellant failed to make the weekly support payments and was in arrears for the total sum of $16,200.00. Appellee further asked that the support payments be increased. Defendant-appellant raised the defenses of laches and estoppel in that appellee had not requested any alimony payments for a period of eight years and that he relied upon the direct payments to the child as being in keeping with the 1965 support order. The cause came on for trial and after the conclusion thereof, the court *39 entered the herein appealed order finding appellant to be delinquent in support payments in the amount of $16,750.00 and adjudging him in contempt of court. The court further directed therein that appellant as of the date of the order make no more weekly support payments.
Appellant basically contends in this appeal that the court erred in finding that he was delinquent in the support payments because appellee failed to object thereto until eight years later. We cannot agree.
Mere inaction or delay for a long time in enforcing a claim for arrears does not constitute laches where no injury results from the delay. Blocker v. Ferguson, Fla. 1950, 47 So.2d 694; Gottesman v. Gottesman, Fla.App. 1967, 202 So.2d 775. In the case sub judice, appellant, ex-husband, has failed to demonstrate a change of position in reliance on any understanding or assumption that appellee, ex-wife, would not seek collection of the arrears.
In addition, the chancellor determined that appellant has the ability to pay. Thus, we conclude the defense of laches was not available to the appellant. See Stephenson v. Stephenson, Fla. 1951, 52 So.2d 684, and Gottesman, supra.
Nevertheless, it is undisputed that appellant has made payments for the benefit of his daughter and therefore is entitled to a set off of such sums against the amount of arrears as these payments resulted in substantial compliance with the 1965 divorce decree and thus, equitable considerations require that he be given credit therefor. See Stephenson, supra and 10A Fla.Jur. Dissolution of Marriage § 354 (1973).
We also considered appellant's other two points on appeal and the points of appellee raised on cross-appeal and find them to be lacking in merit.
Accordingly, we hereby remand the cause to the chancellor to hold a hearing at which appellant shall be given the opportunity to present evidence as to the amount of payments he made directly to and/or on behalf of his daughter, Daisy. Thereupon, the chancellor shall give the appellant credit therefor in determining the amount of arrears. In all other respects, the order herein appealed is affirmed.
Affirmed in part, reversed in part and remanded with directions.