SCHWARTZ, Chief Judge
(specially concurring).
Contrary to my initial inclination, I agree to affirmance because, some nine years before she commenced the instant proceeding to recover them, the appellant wife waived her right to the alimony payments to which her ex-husband had previously agreed. See Gottesman v. Gottesman, 202 So.2d 775, 776 (Fla. 3d DCA 1967), cert. denied, 209 So.2d 671 (Fla.1968); see also Stephenson v. Stephenson, 52 So.2d 684 (Fla.1951) (waiver by acquiescence); Davis v. Davis, 123 So.2d 377 (Fla. 1st DCA 1960) (same). Since both parties’ hands were unclean — with the wife guilty of fraud and concealment underlying the property settlement agreement itself, and the husband’s having secured the waiver by an improper threat to expose that misconduct — the trial court, by denying Ms. Bennett’s application for enforcement of the alimony obligation, properly left the miscreants where they had voluntarily placed themselves. See Sahler v. Sahler, 154 Fla. 206, 212, 17 So.2d 105, 107 (1944) (“[Wjhere both parties were in the wrong equity would let them ‘Stew in their own juice’.”).