689 So.2d 433 (1997)
Harold J. DAVIS, Appellant,
v.
DEPARTMENT OF REVENUE on Behalf of Deborah A. DAVIS, Appellee.
No. 96-2199.
District Court of Appeal of Florida, Fifth District.
March 14, 1997.
*434 Marshall G. Reissman of Pritchard & Reissman, P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Ard, Assistant Attorney General, Tampa, for Appellee.
HARRIS, Judge.
This case involves a delayed action for delinquent child support. The father's claim of laches was denied by the trial court. We reverse.
The record simply does not support the trial court's decision. The custodial mother for over fifteen years made no effort to contact the father who, at least for a portion of that time, was known to be in the military. The father attempted on more than one occasion to contact the mother by mail to her last known address but the letters came back marked "return to sender." Contact was also attempted through the former wife's mother at her place of residence but such efforts were rebuffed with a threat of arrest if such efforts continued. When the child finally indicated that she wished to contact the father, the mother advised her that it was solely her choice to do so.
When the child became fifteen, she decided to contact her father. It took her only a day or two to locate him. From that point, the father paid child support. But when the father challenged his obligation to pay medical bills related to a shoulder injury to the daughter resulting from her roughhousing with the mother's boyfriend, the mother sued him for fifteen years back child support.
Although section 61.13(4)(b), Florida Statutes, provides that "[w]hen a custodial parent refuses to honor a noncustodial parent's visitation rights, the noncustodial parent shall not fail to pay any ordered child support or alimony," this provision merely denies a defense based on the mother's breach of the final judgment if a support or alimony action is timely commenced. It does not bar the defense of laches.
Here, the mother made no efforts to locate the father. Even the child's stated desire to find her father was not encouraged by the mother. Contact was not made until the child was almost an adult and meaningful visitation was forever lost.
In order to establish laches, the father must prove that his conduct gave rise to the complaint. He admits that he did not *435 pay support before he was contacted by the child in 1995. He must also prove that the mother knew of his conduct and had the opportunity to bring suit in a timely manner. Obviously she knew of his non-payment and his whereabouts, as the record proves, was easily discoverable. He must also prove that he was unaware that the mother intended to assert her claim for support. He proved that for fifteen years she did nothing. Further, even after contact was made, the mother did nothing until a dispute over the medical payments occurred.
Finally, the father must prove that he has been prejudiced by the delay. He proved that although he made efforts to locate his child, he was unable to do so until the child was almost an adult. He therefore was denied the opportunity to share in the upbringing of his child. See Pyne v. Black, 650 So.2d 1073 (Fla. 5th DCA 1995). Further, his financial affidavit shows that he has no assets other than his homestead, which is mortgaged for more than its current value, and an automobile worth $1,500. His after-tax income is about $2,000 per month and his expenses, not including child support or health insurance, exceeds that amount. To now be hit with a fifteen-year child support arrearage would be prejudicial indeed. See Robinson v. State Dept. of Health & Rehabilitative Services, 473 So.2d 228 (Fla. 5th DCA 1985), dismissed, 478 So.2d 53 (Fla.1985) (the court held that one of the considerations in upholding laches was that: "[n]ow, he faces an accumulated debt of $17,793.21. He could have paid the child support in small increments, but ten years accumulation has grown into an intolerable lump sum.")
REVERSED.
DAUKSCH and THOMPSON, JJ., concur.