PER CURIAM.
When the Florida Department of Revenue notified Mr. Holmes that he was delinquent in payment of his child support obligations as ordered in the judgment of dissolution, Holmes filed (and served on the Department) a document which, at least arguably, was intended as his petition to contest the existence of the delinquency. The former wife sought and obtained an order dismissing the petition for failure to state a cause of action. We affirm.
Holmes contends that the trial court, in dismissing the petition, denied him the opportunity to present the defense of laches to the claimed arrearage in child support, citing Phillips v. Adams, 339 So.2d 665 (Fla. 4th DCA 1976). While laches can be a valid defense to an effort to collect child support arrearage, see Davis v. Department of Revenue, 689 So.2d 433 (Fla. 5th DCA 1997); Robinson v. State, 473 So.2d 228 (Fla. 5th DCA 1985); Phillips v. Adams. Holmes’ petition simply did not allege facts to establish the necessary elements of such defense.
The petition alleged Holmes’ obligation to pay support for his two minor sons, his payments pursuant thereto, and the remarriage of his former wife; it further alleged that in June, 1992, at the request of his former wife and her husband, Jeffrey N. Syx, Holmes signed a consent for Mr. Syx to adopt the two boys (a copy being attached to the petition), and that all parties agreed that any child support ar-rearage would be forgiven and Jeffrey N. Syx would adopt the children; lastly, it alleged that although prior to signing the consent for adoption Holmes had been in regular and constant contact with his children, he thereafter honored the parties agreement and had not contacted or seen the children from that time to the present.
Holmes makes no claim that the agreement relieved him of his support obligation, see Robinson, nor does he claim that Syx adopted the children, thereby relieving him of his support obligation. His sole argument is that his not having contacted or seen his children since June, 1992, now entitles him to assert laches as a defense against the claim for delinquent child support. The fallacy of that argument lies in the absence of any allegation that the agreement required him to refrain from contact with his children, an understandable omission in view of the consent form language expressly providing that Holmes could see the children at any time, just as any non-related person could. Since the allegations show that the alleged prejudice, i.e., the lack of contact with the children, was not caused by undue delay in the Department seeking the delinquent support, the petition failed to show a factual basis for the defense of laches.
The other issue raised is without merit and does not require discussion. The judgment is affirmed.
STEVENSON, HAZOURI, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.