870 So.2d 187 (2004)
Julian David GAINES, Appellant,
v.
Matthew Julian GAINES, a Minor, by Mother and Next Friend, Pamela Sue Gaskin, Appellee.
No. 4D02-4621.
District Court of Appeal of Florida, Fourth District.
March 3, 2004.
B.J. Cummins, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Toni C. Bernstein and William H. Branch, Assistant Attorneys General, Tallahassee, for appellee.
POLEN, J.
This appeal arises from a final order denying the father's (Gaines) defense of laches and requiring him to pay child support arrearages in the amount of $16,247.27. We find the equitable defense of laches to be applicable and therefore *188 reverse the trial court's order for the reasons that follow.
In 1985, Pamela Sue Gaskin gave birth to Matthew Gaines. The mother did not want Gaines to participate in Matthew's rearing. In fact, Gaines had to seek a judicial determination of paternity, after the mother denied that he was the father. In 1988, the parents entered into a written agreement providing that Gaines would not seek visitation in exchange for the mother releasing him of the obligation to pay child support. Gaines contends this agreement was entirely the mother's idea. After this agreement was signed, the parties entered into a formal Stipulated Final Judgment of Paternity, which provided for Gaines to pay $120.00 per month in child support. Gaines was under the impression, allegedly due to the mother, that the agreement between the parties was going to take precedence over the Stipulated Final Judgment.
In apparent compliance with the parties' agreement, the mother did not seek to enforce the order granting her child support for almost eleven years. Nor did she ever attempt to even contact Gaines, due to her alleged but unsubstantiated claim of intimidation. Likewise, Gaines claims that in reliance on their agreement, he never sought visitation with Matthew. Gaines did not participate whatsoever in Matthew's upbringing, and therefore has no inkling of a relationship with him. Furthermore, Gaines did not keep in contact with Matthew or the mother, and claims to have been unaware of their whereabouts. As both parents appeared to be acting in compliance with their agreement, Gaines claims that he had no reason to believe the mother would interpose a claim for support.
In December of 1998, after ten years and nine months had passed without any attempt to enforce the child support order, the mother filed a petition to modify the Stipulated Final Judgment of Paternity and a Motion for Contempt demanding retroactive child support payments. Gaines argued the affirmative defense of laches. After a few hearings in which the trial court reserved ruling, a final hearing was held and the trial court ultimately determined that Gaines had failed to meet his burden of proving laches. Gaines was ordered to pay $16,247.27 in child support arrearages.
Gaines argues that the defense of laches is applicable and should bar the mother from enforcing the child support order. To establish the affirmative defense of laches, a defendant must prove:
(1) conduct on the part of the defendant giving rise to the situation of which complaint is made; (2) failure of the plaintiff, having had knowledge or notice of the defendant's conduct, to assert [her] rights by suit; (3) lack of knowledge on the part of the defendant that plaintiff will assert the right on which [s]he bases [her] suit; and (4) injury or prejudice to the defendant in event relief is accorded to the plaintiff.
Greene v. Bursey, 733 So.2d 1111, n. 4 (Fla. 4th DCA 1999) (citing Van Meter v. Kelsey, 91 So.2d 327, 330-31 (Fla.1956)). The first three elements of the defense of laches are clearly met. It is the fourth element, requiring injury or prejudice, which we feel merits further discussion.
"In the context of child support arrearage cases, the defense of laches is only applied in extraordinary circumstances where the facts clearly show extreme prejudice." Ticktin v. Kearin, 807 So.2d 659, 663 (Fla. 3d DCA 2001). "Legal prejudice results when there is a loss or injury to a person who relies on another person's voluntary failure to exercise a legal right. This is primarily a question of *189 equity and depends on the unique circumstances of each individual case." Pyne, 650 So.2d at 1076. Gaines contends that he has been prejudiced because he has no relationship with Matthew, has incurred unrelated debts in reliance on the agreement, and he is now ordered to pay a lump sum of $16,247.27 in child support arrearages without making any prior financial arrangements and without the ability to maintain gainful employment due to a relatively recent disability.
In Davis v. Department of Revenue on Behalf of Davis, 689 So.2d 433, 435 (Fla. 5th DCA 1997), it was held that being denied the opportunity despite one's efforts to share in the upbringing of one's child is a legal prejudice. It is not entirely correct to say that Gaines was denied that opportunity, since he voluntarily chose to forgo it, pursuant to the agreement. Nonetheless, the opportunity to raise his child is forever lost. The fifth district provided the following perspective on whether such a claim constitutes legal prejudice when it stated:
[b]oth parties are at fault for failing to fulfill their obligations as parents, but the lost child support did not deprive the children of any of life's necessities. It will not affect their current welfare. In contrast, the lost visitation deprived the former husband and the children of a father-[child] relationship. The opportunity to form that relationship is lost forever and cannot be repaid. For this reason the former husband suffered legal prejudice.
Pyne, 650 So.2d at 1076.
In light of circumstances as they exist at present, we hold that Gaines' lost opportunity is sufficient to constitute a legal prejudice. Moreover, albeit to a lesser extent, Gaines is also prejudiced having incurred unrelated debts in reliance on the mother's inaction. See Robinson v. State Dep't of Health & Rehabilitative Servs., 473 So.2d 228 (Fla. 5th DCA 1985), dismissed, 478 So.2d 53 (Fla.1985)(holding that one consideration in upholding laches defense was that: "[n]ow, he faces an accumulated debt of $17,793.21. He could have paid the child support in small increments, but ten years accumulation has grown into an intolerable lump sum."); Davis, 689 So.2d at 435. Consequently, we hereby reverse the order of the trial court, and remand for further proceedings consistent with this opinion.
REVERSED.
KLEIN and HAZOURI, JJ., concur.