920 So.2d 689 (2006)
Raymond A. BAKER, Appellant,
v.
Susan Z. BAKER, Appellee.
No. 2D05-321.
District Court of Appeal of Florida, Second District.
February 3, 2006.
*690 Jane H. Grossman of Law Office of Jane H. Grossman, St. Petersburg, for Appellant.
*691 M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Appellee.
NORTHCUTT, Judge.
Raymond Baker appeals an order dissolving his money judgment against his former wife, Susan Baker. We reverse because the circuit court lacked authority to set the judgment aside.
When the Bakers were divorced in 1992, Susan was awarded a judgment for $16,973 in equitable distribution and $18,639 in attorney's fees and costs. Our record does not contain a copy of the divorce judgment, so we have limited information regarding the dissolution proceedings and the parties' circumstances at that time. We do know from the record that Raymond discharged Susan's judgment by filing for bankruptcy in 1993.
In 1994, Raymond obtained and recorded a money judgment for $7810.66 against Susan, apparently stemming from his overpayment of support. In 2004, Raymond re-recorded the judgment and began collection efforts, which included seeking to garnish Susan's wages. With interest, the amount due had grown to roughly $18,000. In response, Susan filed a motion to dissolve Raymond's judgment based on laches and a motion to dissolve the writ of garnishment.
Susan alleged the above facts regarding Raymond's discharge of his obligations to her in bankruptcy, and Raymond admitted the allegations at the hearing. Susan, in turn, acknowledged that at the time Raymond began collection efforts, she had $14,000 in savings and was making an annual salary of approximately $45,000. She had since closed her savings account, distributing the money primarily to the parties' two adult children. In seeking to dissolve the judgment against her based on laches, Susan alleged that Raymond failed to enforce the judgment for almost ten years and that she had reason to believe he would not pursue it. Susan further claimed that she would be prejudiced if the judgment was not dissolved.
Raymond testified that he had delayed enforcing the judgment due to Susan's status as head of household. Now that their two children had attained majority, Raymond believed that collection would be easier to accomplish. The circuit court granted Susan's motion and dissolved the final judgment against her, finding it barred by laches.
Although the issue as presented on appeal concerns the question of laches, we begin our analysis with an examination of the circuit court's jurisdiction. If the court lacked jurisdiction to set aside the judgment, it committed a fundamental error that we are obliged to notice on our own initiative. Watson v. Schultz, 760 So.2d 203, 204 (Fla. 2d DCA 2000). We note that the circuit judge himself initially questioned his authority to entertain Susan's motion to dissolve the judgment, but he was persuaded by counsel's assertion that the court could proceed because it had jurisdiction over the 1994 divorce. We conclude that the judge should have trusted his first instinct.
This case may have stemmed from the Bakers' divorce as a factual matter. But it did not involve a legal issue over which the dissolution court had continuing postjudgment jurisdiction. By statute, the court that entered a dissolution judgment has continuing jurisdiction to modify its child support, child custody, and alimony provisions. §§ 61.13(1)(a) and (c); 61.14, Fla. Stat. (2005). Otherwise, upon rendition of a final judgment the trial court loses jurisdiction over the case except to enforce the judgment and except as provided by Florida Rule of Civil Procedure 1.540. Bank One, Nat'l Ass'n v. Batronie, *692 884 So.2d 346, 348 (Fla. 2d DCA 2004) (recognizing that an independent action for fraud on the court may also be brought to challenge a final judgment).
A trial judge is deprived of jurisdiction... by the sheer finality of the act, whether judgment, decree, order or stipulation, which concludes litigation. Once the litigation is terminated and the time for appeal has run, that action is concluded for all time. There is one exception to this absolute finality, and this is rule 1.540, which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.
Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223 (Fla.1986).
Even if we were to assume that Susan's attempt to set aside Raymond's money judgment was a matter arising out of the original divorce proceeding, Florida Family Law Rule of Procedure 12.540 provides that rule 1.540 governs in family law cases. Rule 1.540 lists five grounds for relief from a final judgment. It provides that a motion "shall be filed within a reasonable time," and for the first three grounds listed, it must be filed not more than one year after the judgment was entered. As Susan's motion was not filed within one year of the judgment, we need consider only the grounds that are not subject to the one-year limitation:
(4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.
Fla. R. Civ. P. 1.540(b). Susan did not allege, nor is it shown by the record, that Raymond's judgment was void, satisfied, released, discharged, or based on a prior judgment that had been reversed or vacated. Moreover, this court has held that the equities mentioned in the rule's fifth ground are limited to ones that come to fruition after the final judgment. Hensel v. Hensel, 276 So.2d 227, 228 (Fla. 2d DCA 1973); see also Gregory v. Connor, 591 So.2d 974, 977 (Fla. 5th DCA 1991) (reading the last ground for relief in rule 1.540(b) "as requiring that something has transpired since the entry of the judgment that equitably limits its future application"). The equities urged by Susan, involving Raymond's bankruptcy discharge of the judgment in her favor, preceded the judgment against her. Thus, rule 1.540 provided no authority for the court to grant Susan relief from the judgment.
Susan's argument for the application of laches was likewise unavailing. She has cited cases applying the doctrine to bar claims that seek enforcement of ongoing support obligations. See, e.g., Gaines v. Gaines, 870 So.2d 187 (Fla. 4th DCA 2004) (applying laches to claim for child support arrearages); Garcia v. Guerra, 738 So.2d 459 (Fla. 3d DCA 1999) (holding that laches barred enforcement of child support arrearages); Davis v. Dep't of Revenue ex rel. Davis, 689 So.2d 433 (Fla. 5th DCA 1997) (applying laches to delayed claim for child support). Those cases are inapplicable to this one for two reasons. First, they involved the courts' jurisdiction to enforce their judgments, whereas Susan came to court asking that it set aside a judgment. Second, in those cases laches was raised as a defense to actions seeking money judgments for unpaid support awards. They did not involve the use of laches as a sword to set aside previously entered money judgments, and we have found no cases applying the doctrine in such circumstances. At this point, only rule 1.540 offers a basis for seeking relief from Raymond's money judgment, and as previously discussed, the rule provides no relief under the facts of this case.
*693 Even if the court had had jurisdiction, and even if laches could be employed offensively to set aside a valid money judgment, the facts in this case did not warrant its application because Susan failed to prove that she was prejudiced by Raymond's delay. Laches is based on an unreasonable delay in asserting a known right which causes undue prejudice to the party against whom the claim is asserted. Appalachian, Inc. v. Olson, 468 So.2d 266, 269 (Fla. 2d DCA 1985). Delay, standing alone, is not enough. Brumby v. Brumby, 647 So.2d 330, 331 (Fla. 4th DCA 1994) (holding that "mere delay in filing an enforcement suit for alimony, even if the former [spouse] had knowledge of the [other spouse's] whereabouts, is insufficient by itself to constitute laches or estoppel"). Susan was required to show resulting undue prejudice by "very clear and positive evidence." Smith v. Branch, 391 So.2d 797, 798 (Fla. 2d DCA 1980).
The Florida Supreme Court has explained that "[t]he true test to apply laches is whether or not the delay has resulted in injury, embarrassment, or disadvantage to any person and particularly to the person against whom relief is sought." Stephenson v. Stephenson, 52 So.2d 684, 686 (Fla. 1951) (quoting Lightsey v. Lightsey, 150 Fla. 664, 8 So.2d 399, 400 (1942)).
[T]he delay required to render the defense of laches available must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, as through the loss or obscuration of evidence of the transaction in issue; or there must have occurred in the meantime a change in conditions that would render it inequitable to enforce the right asserted.
Id. (internal quotation marks omitted).
In Stephenson, there had been a twenty-one-year delay in the mother's action to collect unpaid alimony and child support. Yet the supreme court affirmed a finding that laches did not apply because the record contained no evidence that the delay adversely affected the father. See also Glaeser v. Glaeser, 449 So.2d 428, 430 (Fla. 2d DCA 1984) (concluding that laches did not apply when "[t]he husband did not establish any injury or prejudice caused by the delay").
In this case, Susan failed to offer any evidence of prejudice resulting from Raymond's delay. She showed no loss of records such that proof of the true facts was obscured. See Garcia, 738 So.2d at 462 (concluding that prejudice was shown in 1996 enforcement action for child support arrearages when former husband no longer had the bank records from 1982-85). She showed no change of circumstances that made enforcement inequitable. Although she claimed prejudice based on financial hardship, she did not show that the hardship was related to Raymond's delay in commencing his collection efforts. To the contrary, when he began attempting to collect his judgment Susan had an amount in savings almost equal to the amount due at that time.
Accordingly, we reverse the judgment that dissolved Raymond's money judgment against Susan and dissolved the writ of garnishment. Because it is unclear whether Susan retains head of household status due to her support of a child in college, see Mazzella v. Boinis, 617 So.2d 1156 (Fla. 4th DCA 1993), our reversal does not preclude further proceedings on the garnishment writ on remand.
Reversed and remanded.
STRINGER and SILBERMAN, JJ., Concur.