52 So.2d 684 (1951)
STEPHENSON
v.
STEPHENSON.
Supreme Court of Florida, Division B.
May 15, 1951.
Rehearing Denied June 6, 1951.
*685 Hardee & Hardee, Tampa, for appellant.
J. Tom Watson and Morison Buck, Tampa, for appellee.
PER CURIAM.
Appellant and appellee were divorced in 1929 in a suit instituted by appellee. Pursuant to the terms of a stipulation between the parties, the final decree required appellant to pay to appellee the sum of $50 per month "as permanent alimony and for the maintenance and support of the infant child of complainant and defendant" until the further order of the court. The child, a daughter, was at that time four years of age. Twenty-one years later, by a petition for a rule to show cause directed to the appellant, the appellee sought to recover the arrearages of alimony and support money alleged to have accrued under the aforementioned decree, to wit, $12,600. The rule was issued; and appellant, who is a resident of North Carolina, defended on the grounds of (1) the statute of limitations, (2) laches, and (3) waiver and estoppel. The trial court heard the evidence of the parties and found for the appellee on all issues. This appeal is from the final decree awarding the appellee the sum of $10,840 as accrued alimony and support money, which sum reflects a credit of $2,060 shown to have been paid by appellant to his daughter and to which we will hereinafter refer.
The record reveals that, shortly after the parties were divorced, the appellant left the State of Florida and has not since been a resident of this state. He made no payments under the final decree until the year 1939, at which time, in response to a request contained in a letter from the appellee which was forwarded to appellant in Missouri, the appellant began making monthly payments to the daughter in sums ranging for the most part from $10 to $25. Only two payments were made in the amount of $50, as required by the decree. These small monthly payments were regularly made to the daughter over a seven-year period, or until 1947, when the daughter became 21 years of age. The total sum is admitted to be $2,060, which appears to include additional checks sent the daughter as birthday and Christmas presents and on other "special occasions," and, as heretofore noted, was credited on the amount found to be due under the final decree.
The appellee did not institute court proceedings against the appellant at any time during the 21 years intervening between the divorce and the instant proceedings; *686 and it is contended by appellant that appellee's "unexplained and unexcusable delay of 21 years" constitutes laches. The appellee did not know the whereabouts of the appellant during the first ten years following the divorce, so that her failure to institute proceedings during that time cannot be said to be without reason. As for the seven-year period during which appellant regularly sent monthly sums to his daughter, her acquiescence in the payment of sums less than that due under the decree might, under some circumstances, constitute laches. See McKee v. McKee, 154 Kan. 340, 118 P.2d 544, 137 A.L.R. 880. However, the appellant's deposition, which was the only evidence offered in his behalf, is devoid of any showing that appellee's delay has affected him adversely. And, as stated in Lightsey v. Lightsey, 150 Fla. 664, 8 So.2d 399, 400, "The true test to apply laches is whether or not the delay has resulted in injury, embarrassment, or disadvantage to any person and particularly to the person against whom relief is sought. Plaintiff in error does not contend that the delay has affected him adversely and being so, he should not be permitted to invoke it." Or, as stated in Bethea v. Langford, Fla., 45 So.2d 496, 498, "the delay required to render the defense of laches available `must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, as through loss or obscuration of evidence of the transaction in issue; or there must have occurred in the meantime a change in conditions that would render it inequitable to enforce the right asserted.'"
It may be conceded, as argued by counsel for appellant, that the payment of the sums decreed would have been easier on a month-to-month basis, rather than in a lump sum; but, as in the Lightsey case, the appellant here "makes no claim that he was adversely affected by the delay and is as silent as the sphinx as to his ability to pay." There was, therefore, no error in the finding of the lower court that appellee had not been guilty of laches.
The appellant does not here insist upon the bar of the statute of limitations; and, since it affirmatively appears that the appellant has resided outside the state since the time of the final decree, the lower court did not err in holding that the statute did not run against the appellee's claim. Section 95.07, Florida Statutes 1949, F.S.A.
It is also contended by appellant that the lower court erred in finding that the appellee had not "waived" the payment of the full amount required under the decree. This was a question of fact which was resolved in appellee's favor, and we find no error here.
Lastly, the appellant argues that the lower court erred in holding him to the payment of the amounts under the decree for the period following the daughter's attaining her majority and after her marriage. The decree was a composite one for the payment of $50 per month for alimony and support of the child "until the further order of the court." The appellant did not seek a modification of the decree after the daughter reached her majority, nor has he yet done so. The decree was and is a valid subsisting order for the payment of money, and no reason has been made to appear why it should not be enforced against appellant. Our courts are, of course, open to appellant to seek a modification of the decree, should he desire to do so.
For the reasons stated, the final decree should be and it is hereby
Affirmed.
SEBRING, C.J., and CHAPMAN, ADAMS and ROBERTS, JJ., concur.