PER CURIAM.
Appellant/plaintiff Konrad Walther appeals the final summary judgment entered in favor of appellees/defendants Sal and Pamalina Mirabella in an action for specific performance of a written contract for the sale of real property. We reverse.
It is well settled, and it is not necessary to cite cases in support thereof, that summary judgment should not be granted if there is a genuine issue as to any material fact. In such instance summary judgment disposition is precluded as a matter of law. Fla.R.Civ.P. 1.510(c).
Without reciting the factual situation involved in this case, it is evident to us that it does not lend itself to summary judgment procedure. We are aware that it does appear from the face of the contract that all of its terms were not complied with. However, although we make no judgment as to the merits of appellant’s action, we agree with him that there is a material fact issue as to whether a waiver of the date by which the contract was to be signed was created by the conduct of the parties in this particular situation. Furthermore, we note that the Supreme Court of Florida has held that the question of waiver is usually a fact question. See, e. g., Stephenson v. Stephenson, 52 So.2d 684 (Fla.1951).
Accordingly, the summary judgment entered by the trial court against the purchaser should be reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
HOBSON, A. C. J., and BOARDMAN and SCHEB, JJ., concur.