647 So.2d 330 (1994)
James R. Knox BRUMBY, Appellant,
v.
Ferrell BRUMBY, Appellee.
No. 94-2016.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
Daniel S. Dearing, Tallahassee, for appellant.
Kyle D. Pence of Stolberg and Pence, Fort Lauderdale, for appellee.
PER CURIAM.
James R. Brumby, former husband, appeals from an order entered in post-judgment proceedings. The order requires him *331 to pay alimony arrearages and provides for garnishment of his social security benefits.
Ferrell Brumby, the former wife, sought enforcement of a final judgment entered in 1969. The judgment incorporated a separation agreement which required the husband to pay permanent periodic alimony of $200.00 per month.
The husband resisted enforcement on grounds of laches, statute of limitations and estoppel. The passage of time is self-evident from the record, but there was no showing by the husband that he was prejudiced by the delay. Various contested factual matters asserted by the parties are not relevant to an appropriate resolution of this appeal.
The wife sought $56,000.00 in arrearages plus interest, and to require current payments to be made. The trial court's order found her entitlement limited to $4,032.00 measuring from her 1992 garnishment action. In the absence of a cross-appeal, we do not consider the issue of whether the order erroneously excluded sums accrued prior to 1992. We affirm.
Florida courts have held alimony, like child support, to be a continuing obligation, not treated as an "ordinary" legal debt. Popper v. Popper, 595 So.2d 100 (Fla. 5th DCA), rev. denied, 602 So.2d 942 (Fla. 1992). As a general rule proceedings to enforce alimony and child support orders are equitable proceedings that are not barred by the statute of limitations. Id. at 103 (statute of limitations is not applicable to alimony arrearages); Frazier v. Frazier, 616 So.2d 575 (Fla. 2d DCA 1993) (legal statute of limitations would not apply to URESA proceeding to collect delinquent periodic alimony and child support); Bloom v. Bloom, 414 So.2d 1153 (Fla. 3d DCA 1982) (statute of limitations does not bar child support proceeding); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979) (statute of limitations does not apply to child support proceedings).
Furthermore, the courts have recognized that while section 95.11(6), Florida Statutes (1993), allows laches to bar any equitable action that is not commenced within the time provided for "legal actions concerning the same subject," the courts have not applied this statute to bar claims for periodic alimony or child support because, "the courts have decided that periodic alimony and child support do not have a legal counterpart for purposes of statutory laches." Frazier, 616 So.2d at 579 (citations omitted).
While common law laches may defeat this type of equitable proceeding if there is a factual basis which would bar the action, mere delay in filing an enforcement suit for alimony, even if the former wife had knowledge of the former husband's whereabouts, is insufficient by itself to constitute laches or estoppel. See Popper, 595 So.2d at 104. Therefore, the former husband's arguments regarding the statute of limitations and statutory laches are not persuasive.
The trial court also correctly held that common law laches and estoppel were inapplicable because the former husband failed to allege prejudice. Laches is based upon an unreasonable delay, Bethea v. Langford, 45 So.2d 496 (Fla. 1949), in asserting a known right which causes undue prejudice to the party against whom the claim is asserted. Van Meter v. Kelsey, 91 So.2d 327 (Fla. 1956); Smith v. Town of Bithlo, 344 So.2d 1288 (Fla. 4th DCA 1977), cert. denied, 355 So.2d 517 (Fla. 1978). In determining whether delay constitutes a bar to a claim, the court must look to whether the delay has resulted in injury, embarrassment or disadvantage to any person, and particularly to the person against whom relief is sought, whether the delay has been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and whether, during the delay, there has occurred a change in conditions that would render it inequitable to enforce the right asserted. Nowell v. Nowell, 634 So.2d 235 (Fla. 1st DCA 1994) (citing Stephenson v. Stephenson, 52 So.2d 684 (Fla. 1951)).
In this case, the former husband merely alleged inability to pay the lump sum requested by the former wife. Although the lapse of time in seeking enforcement might otherwise be sufficient, the former husband's admitted failure to allege any prejudice precludes application of the doctrine of laches. *332 Furthermore, since alimony was payable monthly, the trial court's ruling is correct in holding that the cause of action for enforcement of the right arose monthly, another factor barring application of the doctrine of laches.
Both parties have filed motions for attorney's fees pursuant to section 61.16, Florida Statutes (1994). These motions are hereby remanded to the trial court for a determination as to entitlement based on the financial resources of the parties, their respective needs and ability to pay.
AFFIRMED AND REMANDED.
HERSEY, PARIENTE and STEVENSON, JJ., concur.