705 So.2d 1018 (1998)
Robert Charles GARDINER, Appellant,
v.
Katherine R. GARDINER, Appellee.
No. 96-2239.
District Court of Appeal of Florida, Fifth District.
February 6, 1998.
*1019 Leonard R. Ross, P.A., Daytona Beach, for Appellant.
Kurt Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for Appellee.
THOMPSON, Judge.
Robert Charles Gardiner appeals an order of the trial court which domesticated and enforced a New York divorce decree. The Florida trial court required Robert to pay $100 per week alimony; to pay alimony arrearages of $79,265; to execute a quit claim deed for property in Volusia County; and to list for sale property in New York. The trial court also denied Robert's counter-petition for modification of alimony. We affirm in part and reverse in part.
On 17 October 1979, after a 12-year marriage, Robert and the former wife, Katherine, obtained a divorce in the State of New York. The parties entered into a marital settlement agreement which was incorporated in the New York decree. The agreement required, among other things: that Robert would pay $100 per week in alimony; that a 16-acre New York property would be sold at a time within Robert's discretion, but no later than the time the youngest child reached majority, and that the proceeds would be split equally; and that Robert would transfer title to a Florida parcel along with a mobile home to Katherine.
After the dissolution, Katherine moved to Florida. Sixteen years later, in 1995, she petitioned for domestication of the New York decree and moved to enforce the alimony provisions of the decree. Katherine sought a judgment for the arrearages, an order requiring Robert to execute a quit claim deed to her for the Florida property, and an order requiring Robert to sign a listing agreement for the sale of the 16 acres in New York. Robert asserted as defenses that Katherine's claim was barred by laches and that he was entitled to a set-off because of contributions he had made to Katherine while they lived together as man and wife in Florida. He also counter-petitioned for downward modification of alimony.
In regard to the Florida property, Robert contends that the Florida trial court erred in ordering him to execute a quit claim deed to Katherine. He appears to argue that the property is not clearly identified and that therefore the requirement to execute a quit claim deed is a nullity. The record establishes *1020 that Robert and Katherine shared a mobile home on property located at 145 Charles Street in Edgewater, Florida. The agreement incorporated in the New York judgment identifies the property as "certain premises located in the State of Florida at South Waterfront Park, in New Smyrna Beach...." In essence, his argument is that there may be two pieces of property and the New York order is insufficient to identify the Charles Street property as the one that should be transferred. We find this argument to be completely meritless.
When the wife filed her petition for domestication of the New York decree, she quoted the New York decree and stated that the "property is actually located at 145 Charles Street, Edgewater, and is the residence of the former wife." Further, in a request for admissions, Katherine stated:
18. Admit that the property located at 145 Charles Street, Edgewater, Florida and presently occupied by Katherine R. Gardiner is the property described in paragraph 6 of the Settlement Agreement dated October, 1979.
The husband admitted that the property was the same. Therefore, we conclude there is no ambiguity regarding the Florida property.
Robert next argues that the New York court did not have jurisdiction to order the transfer to Katherine of his interest in the Charles Street property and that the Florida court did not have jurisdiction to order him to list the New York property for sale. We disagree. The New York court had jurisdiction over the parties and could order Robert to transfer his interest in the Florida property. See Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); Sammons v. Sammons, 479 So.2d 223 (Fla. 3d DCA 1985); Parra v. Parra, 362 So.2d 380 (Fla. 1st DCA 1978). Similarly, the Florida court had jurisdiction of Robert's person, properly gave full faith and credit to the New York decree, and ordered Robert to comply with the New York court's order partitioning the New York property.
The next issue is laches. Robert alleged that he and Katherine lived together as man and wife from 1982 when he moved to Florida, until 1993, sharing the trailer and the same bedroom. He alleged he gave her all of his money and repaired and maintained the trailer. He points out that she was able to accumulate $6,000 in a 401K plan and $1,500 in a mutual fund, in addition to a CD she owns, which is worth approximately $8,500. He argues that laches should apply because of the amount of time that has passed and his changed circumstances. The trial court declined to bar the action because of laches and found Robert owed arrearages in the amount of $79,265. We agree with the trial court.
The law is well settled that a proceeding for the enforcement of periodic alimony or child support orders is equitable in nature and is not barred by the running of the statute of limitations. Dean v. Dean, 665 So.2d 244 (Fla. 3d DCA 1995), rev. denied, 675 So.2d 926 (Fla.1996)(child support). The true test in determining whether to apply laches is whether or not the delay has resulted in injury, embarrassment, or disadvantage to any person and particularly to the person against whom relief is sought. Lightsey v. Lightsey, 150 Fla. 664, 8 So.2d 399, 400 (Fla. 1942). The delay required to render the defense of laches available must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, as through loss or obscuration of evidence of the transaction in issue; or there must have occurred in the meantime a change in conditions that would render it inequitable to enforce the right asserted. Bethea v. Langford, 45 So.2d 496, 498 (Fla. 1949).
Here Robert never articulated any prejudice to him because Katherine did not file more swiftly. Robert did not testify that he would have acted differently had he known that in 1995 she would pursue the arrearages. More significant, his testimony about the living arrangements and the amount of money that he gave to Katherine was in dispute. The parties' adult daughters testified that they never saw him share the same bedroom with Katherine after the family moved to Florida. They testified that he *1021 stayed on the couch, then in one of the rooms they eventually vacated, and finally Robert stayed in their brother's room. The daughters testified that they heard their mother and father argue frequently about money. Also, Katherine thought they were divorced, but Robert did not think they were. Mere delay in filing an enforcement suit, even if the payee spouse knows where the payor spouse is, is not sufficient in itself to constitute laches or estoppel. Popper v. Popper, 595 So.2d 100, 104 (Fla. 5th DCA), rev. denied, 602 So.2d 942 (Fla.1992).
We also agree with the trial court that Robert is not entitled to any set-off because he offered no proof as to the amount of the set-off to which he thought he was entitled. He generally alleges that he gave Katherine all his money but he presented no evidence of the amount he allegedly gave her. Without calculation of value of the services he provided or the amount of money, Robert is not entitled to a set-off.
Finally, Robert argues that the trial court erred in denying his petition for modification. He asserts that he has demonstrated a substantial change in circumstances in that he is advanced in age, he has been laid off from work, and his earning ability is lower. At the time of the dissolution, Robert was earning $30,000 to $35,000 a year. At the time of the hearing below, he was earning $250 per week from unemployment. Robert testified that he was unemployed at the time of the hearing, but he did not testify that the unemployment was permanent. Rather, he testified that frequent lay-offs were usual in his line of work, and that he expected to be rehired. He also testified that he had purchased a boat and a Mercedes, and had a CD worth $8500. His longest period of unemployment had been two months. Under these circumstances, a suspension of payment was appropriate but not a modification. Fazio v. Walton, 678 So.2d 483 (Fla. 5th DCA 1996).
In summary, we affirm the order except Robert should be given the opportunity to have his payments suspended until he is employed.
AFFIRMED with directions.
PETERSON, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
In my opinion laches should bar appellee from recovery. The delay by appellee in seeking court assistance prejudiced appellant and was such that the trial court should have denied the requested relief. I hasten to add that the delay the parties suffered in this court exacerbates the problem and for that no sufficient explanation is available.