738 So.2d 459 (1999)
Mercedes GARCIA f/k/a Mercedes Guerra, Appellant,
v.
Hector M. GUERRA, Appellee.
No. 98-2891.
District Court of Appeal of Florida, Third District.
July 28, 1999.
*460 Mercedes E. Garcia, in proper person.
Perez-Abreu & Martin-Lavielle and Andy W. Acosta, Coral Gables, for appellee.
Before COPE, GREEN and SORONDO, JJ.
COPE, J.
This is an appeal by Mercedes Garcia, the former wife, from a final order denying her claim for child support arrearages and awarding Hector M. Guerra, the former husband, attorney's fees. We affirm the denial of arrearages but reverse the award of attorney's fees.
The parties were divorced in 1982. The divorce settlement agreement obligated the husband to pay $100 per month child support for the two minor children. The parties shared custody and the wife was provided with exclusive use of the marital residence until the youngest child reached eighteen years of age. In 1988, the wife petitioned for modification and enforcement of the final judgment of dissolution, requesting, among other things, that the husband pay child support allegedly not paid in 1982 and 1983. The wife later voluntarily dismissed the petition for modification and enforcement.
In 1996, when the youngest child had reached majority, the husband moved to divide the property and distribute the proceeds pursuant to the 1982 settlement agreement. The wife countered with a motion for contempt, alleging that the husband did not make some of his required *461 child support payments for 1982 through 1985. The General Master recommended that the motion be dismissed based on the husband's defense of laches.
The wife filed exceptions to the General Master's report, and a hearing was set for October 8, 1998. The wife filed a motion with the trial court to have the hearing before the General Master transcribed and the trial court ordered the transcript pursuant to that motion. When it became clear that the transcript would not be ready in time, the wife filed a motion to postpone the hearing. The trial court denied the wife's motion to postpone and at the time of the hearing the transcript was not yet completed. The trial court subsequently entered an order denying the wife's exceptions. It is from this order that the wife appeals.
The trial court erred by denying the wife's motion to continue the hearing on her exceptions to the General Master's findings. The transcript was filed subsequent to the hearing, but too late for the wife to make use of it. The trial court erroneously stated that the transcript was never ordered, but the record reflects that it was.
In the interest of economy, we consider the merits of the wife's claim. At the hearing before the General Master, the wife was represented by an assistant state attorney from the child support enforcement program. Counsel for both sides advised the Master that the issue of laches was a potentially dispositive preliminary issue. Each party stated the evidence pertinent to the laches claim. In effect the Master heard proffers of the evidence, without objection. The Master ruled that the claim was barred by laches and, as already stated, the wife's exceptions were denied.
In a recent case the Florida Supreme Court has summarized the laches test as follows:
Generally, laches is a doctrine asserted as a defense, which "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."... As time goes by, records are destroyed, essential evidence may become tainted or disappear, memories of witnesses fade, and witnesses may die or be otherwise unavailable.
McCray v. State, 699 So.2d 1366, 1368 (Fla.1997) (citation omitted).
"Laches is effective to bar enforcement when there has been a substantial and inexcusable delay in enforcing the claim to arrears of support and the delay has prejudiced the defendant or led him to change his position to such an extent that enforcement of the decree would be inequitable or unjust." Homer H. Clark, Jr., The Law of Domestic Relations in the United States § 18.3, at 394 (2d ed.1987) (footnote omitted).
Writing in a matrimonial context, the Florida Supreme Court has said:
"The true test to apply laches is whether or not the delay has resulted in injury, embarrassment, or disadvantage to any person and particularly to the person against whom relief is sought...." Or, as stated in Bethea v. Langford, Fla., 45 So.2d 496, 498, "the delay required to render the defense of laches available `must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, as through loss or obscuration of evidence of the transaction in issue; or there must have occurred in the meantime a change in conditions that would render it inequitable to enforce the right asserted.'"
Stephenson v. Stephenson, 52 So.2d 684, 686 (Fla.1951) (citation omitted); see also Dean v. Dean, 665 So.2d 244, 248 (Fla. 3d DCA 1995); Brumby v. Brumby, 647 So.2d 330, 331 (Fla. 4th DCA 1994).
We conclude that the elements of laches have been established in this case. *462 Under McCray's simplified test for laches, the first element requires a showing of lack of diligence by the party against whom the defense is asserted. See 699 So.2d at 1368. Stated differently, the question is whether there has been "a substantial and inexcusable delay in enforcing the claim to arrears of support...." Homer H. Clark, Jr., supra.
The delay in this case was unreasonable. The wife knew the husband's whereabouts at the relevant times and, in fact, asserted the claim in 1988. She withdrew that claim and did not refile it until nine years later, in 1997. The delay was excessive and no legally sufficient excuse has been offered for the delay.
With regard to the second McCray element, the question is whether there is prejudice to the party asserting the defense. See 699 So.2d at 1368. Prejudice can be shown by loss of evidence on account of the unreasonable delay in bringing the claim. See id.; Stephenson, 52 So.2d at 686; Wing v. Wing, 464 So.2d 1342, 1344 (Fla. 1st DCA 1985). The husband proffered to the master that he no longer had the relevant bank records from the 1982-85 period. This was not controverted below. That being so, prejudice was shown.
The wife contends that this court's decision in Dean v. Dean, 665 So.2d 244 (Fla. 3d DCA 1995), is fatal to the husband's position. We disagree.
In Dean, this court considered a thirty-year-old claim for child support arrearages, which the husband contended was barred by the doctrine of laches. This court used a four-part test for laches which was drawn from a Florida Supreme Court decision which applied the laches doctrine in a real estate context.[1]
The wife points out that under Dean, one element that the defendant husband must show is "[l]ack of knowledge on the defendant's part that the plaintiff will assert the right on which he/she basis the suit...." Dean, 665 So.2d at 247. The wife states that in 1996 and 1997 there was a dispute between the parties regarding disposition of the marital home. The wife had been given exclusive use and occupancy of the home until the youngest child reached the age of majority. When the youngest child reached that age, the parties disagreed on how to allocate the credits for payments made to maintain the home during the period of exclusive use and occupancy.
As part of the resolution of the disagreement, the husband submitted a proposed settlement agreement to the wife, which included the following statement: "There are no child support arrearages. This Agreement settles any and all claims between the parties."
*463 The wife argues that this language indicates an awareness by the husband of her potential claim to the disputed child support arrearages. She contends that so long as the husband was aware that there was a potential claim for child support arrearages, the husband can never successfully interpose a laches defense.
Assuming that the four-part Dean formulation has continuing viability after the Florida Supreme Court's recent summarization of the laches rule in McCray, we do not think that the Dean test leads to any different result. It bears mention that the Dean case used a laches test which had been devised for a real estate boundary dispute. See Van Meter, 91 So.2d at 330-31. In Van Meter the plaintiff contended that the defendant occupied the disputed land with plaintiff's consent. In that context, the court included as part of the laches test whether there was "lack of knowledge on the part of the defendant that plaintiff will assert the right on which he bases his suit." Id. at 331. In Van Meter it was pertinent to inquire whether the defendant knew that plaintiff claimed title to the disputed land.
The situation now before us is different, for it is a dispute over a sum of money which was payable at an earlier date. The ultimate inquiry is whether there was an unreasonable unexcused delay and whether the defendant was prejudiced thereby. See McCray, 699 So.2d at 1368.
Apparently recognizing that the four-part Van Meter test had been created for use in a different contextreal property disputesand had not been created specifically for application in the context of laches in family law, the Dean court said, "Although the defendant must prove each of the elements of laches, the elements are closely related and are somewhat dependent on each other." 665 So.2d at 247 (emphasis added). Dean goes on to say that "[t]he `true test' in determining whether delay in bringing an action constitutes laches so as to bar the action is whether `the delay has resulted in injury, embarrassment, or disadvantage to any person and particularly to the person against whom relief is sought.'" 615 So.2d at 248 (citations omitted). Knowledge that the plaintiff will assert the claim may be considered insofar as it may bear on the question of prejudice.[2]
This Dean element speaks of a lack of knowledge on the defendant's part that the plaintiff "will" assert the right, id. at 247, not that the plaintiff "may" or "might" assert that right. After a nine-year delay, it could not reasonably be said that the wife "will" reassert the already-dismissed claim for child support arrearages. A mere possibility that the claim might be reasserted is not enough to defeat the husband's laches claim. Further, it is customary in fashioning a settlement agreement that the parties put to rest all controversies of whatever kind, so as to draw litigation to a definitive end. Proposing such a settlement agreement[3] does not automatically defeat this element of a laches claim.
In sum, whether evaluated under the simplified laches test announced in McCray, or the more complicated formulation found in Dean, the elements of laches were shown in this case and the dismissal of the wife's claim was correct. The trial court reached the right result in denying the wife's exceptions on that issue.
We find merit, however, in the wife's challenge to the General Master's award of attorney's fees to the husband. The husband made no showing that he had the need of attorney's fees, or that the wife *464 had the ability to pay them. The Master's order suggests that the Master regarded the wife's claim as frivolous. Because the application of laches standards in this context is not entirely clear, we conclude that the wife's claim (which was filed by counsel from the child support enforcement program) cannot be said to be frivolous.
In our view, it would be helpful to the courts and litigants if the legislature would adopt an explicit statute of limitations establishing a fair time period for bringing arrearage actions. A bright-line rule would assist counsel in advising clients when claims are viable, and when they are not. As matters now stand, arrearage claims continue to be brought after very lengthy delays, over a decade in this case and thirty years in the Dean case. See Dean, 665 So.2d at 247; see also Pyne v. Black, 650 So.2d 1073 (Fla. 5th DCA 1995) (where the wife did not seek child support arrearages until twelve years after husband ceased payments). In the absence of an explicit limitation period,[4] laches requires a case-by-case determination of the limitation perioda slow and expensive process.
In conclusion, the order denying exceptions is affirmed with respect to the dismissal of the wife's claims for child support arrearages. The order denying exceptions is reversed insofar as it approved the assessment of attorney's fees against the wife.
Affirmed in part, reversed in part.
NOTES
[1] The Dean court said:

In order for the defendant to establish the defense of laches in an action of this nature, the defendant must prove the following elements:
1. Conduct on the part of the defendant, or on the part of one under whom he/she claims, giving rise to the situation of which the complaint is made;
2. The plaintiff, having had knowledge of the defendant's conduct, and having been afforded the opportunity to institute suit, is guilty of not asserting his/her rights by filing suit;
3. Lack of knowledge on the defendant's part that the plaintiff will assert the right on which he/she bases the suit; and
4. Injury or prejudice to the defendant in the event relief is accorded to the plaintiff or the suit is held not [to] be barred.
Although the defendant must prove each of the elements of laches, the elements are closely related and are somewhat dependent on each other.
Dean, 665 So.2d at 247 (footnote omitted) (citing Van Meter v. Kelsey, 91 So.2d 327, 330-31 (Fla.1956); Wing v. Wing, 464 So.2d 1342, 1344 (Fla. 1st DCA 1985)).
The first Dean element is not in dispute here. It means, simply, that the plaintiff has asserted a viable claim against the defendant. The wife contends here that the husband failed to make certain child support payments in the 1982-85 period. Thus the first element is satisfied.
[2] Stated differently, if a plaintiff repeatedly threatened to bring suit but unreasonably delayed in doing so, thereby causing prejudice to the defendant, the fact that the plaintiff repeatedly threatened to sue should not, standing alone, prevent a laches defense.
[3] The proposed settlement agreement was never executed.
[4] It could be argued that the legislature has spoken to the limitation issue in subsection 95.11(6), Florida Statutes, but the courts have been reluctant to apply it to arrearage claims. See Brumby v. Brumby, 647 So.2d 330, 331 (Fla. 4th DCA 1994); Frazier v. Frazier, 616 So.2d 575, 579 (Fla. 2d DCA 1993).