913 So.2d 108 (2005)
FLORIDA DEPARTMENT OF REVENUE, on behalf of Janice HEWETT, Appellant,
v.
Richard GRANT, Appellee.
No. 1D04-2658.
District Court of Appeal of Florida, First District.
October 26, 2005.
*109 Charlie Crist, Attorney General; William H. Branch, Assistant Attorney General, Child Support Enforcement, Tallahassee, for Appellant.
No appearance for Appellee.
WEBSTER, J.
The Florida Department of Revenue, on behalf of Janice Hewett, seeks review of a final order which adopted a hearing officer's recommended order and denied a motion to establish a child support arrearage and set a repayment schedule based on the determination that the motion was barred by laches. We conclude that the record does not contain competent, substantial evidence to support the hearing officer's finding that appellee suffered injury or prejudice because of failure to pursue the child support arrearage collection sooner. Accordingly, we reverse.
Because "child support is a legal obligation of the parents to the children, [Florida] courts have long recognized that strong public policy proscribes application of laches to child support matters except under the rarest of circumstances." Ticktin v. Kearin, 807 So.2d 659, 663-64 (Fla. 3d DCA 2001) (citations omitted). One of the elements that must be proven to establish the equitable defense of laches in a case such as this is that the defendant suffered "injury or undue prejudice" as the result of reliance on the plaintiff's failure to pursue collection sooner. E.g., State Dep't of Revenue v. Petro, 765 So.2d 792, 793 (Fla. 1st DCA 2000). "[I]n child support cases ... [,] a mere delay in filing suit is by itself insufficient to establish the prejudice necessary to relieve a parent from the obligation to support his or her child." Id. (citations omitted). Here, the only findings made by the hearing officer regarding prejudice were that appellee was "57 years old," and "a commercial painter" whose "income ha[d] been $22.00 per hour" but "[wa]s now $8.00 per hour." Simply put, those findings are insufficient as a matter of law to support the conclusion that appellee suffered injury or undue prejudice as the result of reliance on the failure to pursue collection sooner. Moreover, our review of the record reveals no competent, substantial evidence from which a trier of fact might reasonably find that appellee had suffered any injury or prejudice as the result of reliance on the failure to pursue collection sooner. At most, the record establishes merely that there had been a significant delay in seeking to enforce appellee's child support obligation. Because appellee failed as a matter of law to carry his burden on the affirmative defense of laches, we reverse and remand with directions that the trial court grant the motion to establish a child support arrearage and set a repayment schedule.
REVERSED and REMANDED, with directions.
ALLEN and THOMAS, JJ., concur.