THOMPSON, J.
James Logan (“James”) appeals an order from the circuit court denying his motion to contest registration of a California support order that established arrearages of $16,520. James contends that the court should have accepted his affirmative defense of laches. We affirm, finding he did not prove that he paid child support.[1] More important, James’s testimony did not establish prejudice to support his defense of laches. Gardiner v. Gardiner, 705 So.2d 1018, 1021 (Fla. 5th DCA 1998) (citing Popper v. Popper, 595 So.2d 100, 104 (Fla. 5th DCA 1992)).
James filed a petition for dissolution of marriage in California in 1987. The court granted the petition, and James and Joan Logan (“Joan”) were divorced in June 1987. Two children were born of this marriage; one in 1974, and the other in 1975. The divorce decree granting James’s petition directed him to pay $160 biweekly in child support. James testified that he was unaware of any child support order and that he never received the divorce decree, although he married another woman soon after the decree was entered. Nevertheless, he alleged that he paid $200 or $300 in cash or money order biweekly throughout the children’s minority. He testified that he destroyed his payment records because his accountant told him he could destroy records after three years.
Joan moved to Florida in 1990. In 1992, the Florida Department of Health and Rehabilitative Services initiated a case in the California Superior Court for the County of Los Angeles on Joan’s behalf. Initially, James testified before the hearing officer that he was never aware of this action and that nothing happened in Los Angeles in 1993. However, Joan submitted a July 1993 order from the California court that indicated James, through counsel, moved to continue the case to 26 October 1993. James was “ordered to return on above date without further order, notice or subpoena.” He did not return to court as scheduled and on 26 October 1993, the court proceeded in his absence and entered a judgment that established an arrears account of $16,520 as of 30 June 1992, without prejudice. The registration of that order is the subject of this appeal.
Less than two months after the 1993 order was entered, James moved from California without notifying the court of his new address. He moved to three different New York residences before June 1996, when he moved to England. He alleged that he was never aware of any action by Joan to acquire arrearages, although he later became aware of the arrearages because of a notation in his credit report. Joan made several attempts to acquire support with the assistance of the Florida Department of Revenue in 1995 and 1996. She only discontinued her efforts when she learned that James had moved to England. James moved to Florida in 2000 or 2001 and resided in the same community as Joan and their children. James alleged that Joan never mentioned arrearages when she visited him; Joan insisted that she did.
*798 On 18 December 2002, Joan began.an action to register the 1993 support order under the Uniform Interstate Family Support Act, Chapter 88, Florida Statutes (2002). James contested registration and invoked three affirmative defenses: laches, payment, and lack of due process. He alleged that laches applied because Joan waited more than nine years to enforce the order. Further, he claimed that he had paid all support. Finally, he asserted lack of due process concerning notice because the California order was entered without his presence or knowledge, and he never received the order.
In March 2004, the hearing officer entered a report summarizing the parties’ testimony at the February hearing. The report noted that James contested the California court’s personal jurisdiction and lack of process, despite the fact he appeared at a July 1993 hearing and requested the continuance to October 1993. The hearing officer recommended staying enforcement of the order for 60 days so that James could file an action in California to challenge the validity of the order. James withdrew his lack of due process affirmative defense.
On 14 December 2004, the hearing officer denied James’s defenses (payment and laches) and recommended the registration of the 1993 support order. The hearing officer found that, although James said he paid Joan $200 to $300 per month for child support, he offered no receipts to prove payment. Without proof of payment, other than James’s word, the hearing officer was unable to find that payment was made. As to laches, the hearing officer claimed that the injury or prejudice was clear because James could not prove payment because he destroyed his records. However, the hearing officer found that laches was not applicable because Joan diligently pursued collection of child support by initiating legal action several times over several years to seek enforcement. The circuit judge approved and confirmed the report and recommendation.
To contest the registration of the order, James had the burden of proving any applicable defenses. § 88.6071(l)(a)-(g), Fla. Stat. (2002). He did not meet his burden. “Florida courts have long recognized that strong public policy proscribes application of laches to child support matters. except under the rarest of circumstances.” Dep’t of Revenue ex rel. Hewett v. Grant, 913 So.2d 108 (Fla. 1st DCA 2005) (citing Ticktin v. Kearin, 807 So.2d 659, 663-64 (Fla. 3d DCA 2001)) (internal quotations and brackets omitted). Thus, “laches is only applied in extraordinary circumstances where the facts clearly show extreme prejudice.” Gaines v. Gaines, 870 So.2d 187, 188 (Fla. 4th DCA 2004) (quoting Ticktin, 807 So.2d at 663). In the order, the hearing officer discussed two cases that established criteria for analyzing the affirmative defense of laches in support cases. The court in Garcia v. Guerra, 738 So.2d 459 (Fla. 3d DCA 1999), utilized a two-part test. The court in Department of Revenue ex rel. Dees v. Retro, 765 So.2d 792, 793 (Fla. 1st DCA 2000), employed a four-part test. James’s claim fails under either test.
The two-part test holds that laches “requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.” Garcia, 738 So.2d at 461 (quoting McCray v. State, 699 So.2d 1366, 1368 (Fla.1997)). The four-part test requires the defendant to prove: “(1) conduct by the defendant that gives rise to the complaint; (2) the plaintiff has not filed suit, despite having knowledge of the defendant’s conduct and the opportunity to file suit; (3) lack of knowledge by the defendant that the plaintiff will assert the *799 right upon which the suit is based; and (4) injury or undue prejudice to the defendant.” Petro, 765 So.2d at 793 (citing Dean v. Dean, 665 So.2d 244, 247 (Fla. 3d DCA 1995)). James cannot demonstrate prejudice under either test.
“Mere delay in filing an enforcement suit, even if the payee spouse knows where the payor spouse is, is not sufficient in itself to constitute laches.” Gardiner, 705 So.2d at 1021 (citing Popper, 595 So.2d at 104); see also Hewett, 913 So.2d at 108; Dep’t of Revenue, ex rel. Brown v. Steinle, 837 So.2d 1072, 1074 (Fla. 2d DCA 2003) (holding no evidence supported a finding of laches despite 12-year intermission between the final judgment of dissolution and registration of support order); Dees, 765 So.2d at 793 (ruling that laches did not bar claim for unpaid arrears accruing seven to nine years before action); Brumby v. Brumby, 647 So.2d 330, 331 (Fla. 4th DCA 1994) (affirming order to enforce a final judgment of alimony over 20 years later); Frazier v. Frazier, 616 So.2d 575, 579 (Fla. 2d DCA 1993). The delay must practically preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, making the achievement of equity doubtful or impossible, or subsequent events must have rendered it inequitable to enforce the asserted right. Bishop v. Bishop, 858 So.2d 1234, 1238 (Fla. 5th DCA 2003) (citing Gardiner, 705 So.2d at 1020); Garcia, 738 So.2d at 461; Brumby, 647 So.2d at 331.
The hearing officer was incorrect to find prejudice; there was no prejudicial delay complicating the court’s determination of the truth of the matter in controversy. James did not allege that he made payments after the judgment against him was entered; rather, he claimed he had no idea that there was any court-ordered support or subsequent arrearages. He did not testify that he would have acted any differently in the intervening years had he known that the Wife would pursue the arrearages. See Gardiner, 705 So.2d at 1020. His contention that he was prejudiced because he was not aware of his earlier obligation to pay support and ar-rearages is not well taken in light of the directive in the divorce he was granted in 1987 and his appearance in the child support enforcement action in 1993. Cf. Edwards v. Edwards, 730 So.2d 711, 714 (Fla. 4th DCA 1999) (disbelieving husband’s contention that he was unaware of his obligation because language from a previous opinion in his case clearly described his obligation). The mere inconvenience of having to meet an arrearages obligation imposed by ■ court order later than the court intended cannot constitute material prejudice. Ticktin, 807 So.2d at 665. The record reveals no competent, substantial evidence from which a trier-of-fact might reasonably find that James suffered any prejudice as the result of reliance on Joan’s failure to pursue collection sooner. See Hewett, 913 So.2d at 108.
Moreover, substantial, competent evidence supports the hearing officer’s findings that Joan diligently pursued her claim and that James did not establish the affirmative defense of payment. See Dees, 765 So.2d at 793-94 & n. 1. James did not meet his burden of establishing the affirmative defense of laches. Therefore, we AFFIRM the order on appeal.
PALMER and TORPY, JJ., concur.

. Although James argued the affirmative defense of payment to the hearing officer, he does not raise that as an issue on appeal. We address the issue only as it relates to his laches argument.