# Third District Court of Appeal

## State of Florida

Opinion filed June 24, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D25-1756
Lower Tribunal No. 08-20982-FC-04

————————————

**Karen Patricia Alcalde,**
Appellant,

vs.

**Michael C. Alcalde,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Fell Law Group, PLLC, and Brian D. Fell (Plantation), for appellant.

Francisco J. Vargas, for appellee.

Before LOGUE, LINDSEY, and GORDO, JJ.

LOGUE, J.

The issue raised on appeal is whether the trial court abused its discretion by applying the equitable defense of laches to deny the former

wife's request for child support arrearages for the seven-year period of time the former wife and former husband reconciled and cohabitated following their dissolution of marriage. Based on the trial court's credibility determinations and the facts of this case, we affirm.

## BACKGROUND

The parties divorced in October 2008. Pursuant to their marital settlement agreement ("MSA"), the parties agreed that the former husband would keep the marital home and be responsible for the existing mortgage and all expenses related to the home. The parties also agreed that the former husband would pay the former wife $800 per month in child support for the parties' minor son and their expected child. The MSA contained (1) a reconciliation provision that provided that the MSA would remain in full force and effect even if the parties attempted to reconcile, reconciled, or cohabitated, and (2) a modification and waiver provision requiring that all modifications or waivers of provisions be in writing.

It is undisputed that the parties reconciled when the former wife and the parties' minor children moved into the former husband's home on October 1, 2009, and this reconciliation lasted through June 2015, when the former wife and the parties' youngest child moved out. Prior to the cohabitation period, the former husband was current on his child support

obligations to the former wife. Further, after the parties separated again in June 2015, the parties' fourteen-year-old child remained residing with the former husband and infrequently visited the former wife.

Following the seven-year cohabitation period, the parties engaged in substantial litigation. On December 30, 2016, the former wife filed a petition requesting to modify timesharing, parental responsibility, and the parenting plan, and she also alleged the former husband stopped paying child support in September 2009. Thereafter, the trial court entered a timesharing order on October 16, 2017, reserving jurisdiction to address child support based on the timesharing order.

In June 2019, the former wife filed the motion at issue in this appeal—Motion to Enforce Delinquent Child Support and Other Relief—seeking to enforce back child support from the date of their cohabitation on October 1, 2009. In response, the former husband asserted that the former wife's motion should be denied based on laches for (1) the cohabitation period—October 1, 2009 through June 2015, and (2) the post-cohabitation period through December 30, 2016, when the former wife first asserted a claim for retroactive child support.

Following this Court's decision and remand in Alcalde v. Alcalde, 340 So. 3d 529, 531 (Fla. 3d DCA 2022), the trial court conduct an evidentiary

3

hearing on the issues of delinquent child support and laches as ordered by this Court. Id. At the evidentiary hearing, the former husband and former wife contradicted each other on key factual issues.

The former husband testified that when he and the former wife started to cohabitate, the former wife told him, "I'm not going to sweat you for the $800 because we're living together," and during the entire cohabitation period, the former wife never asked him to pay child support. The former husband also testified that he paid almost all of the household and children's expenses, totaling approximately $3,500 per month. He paid these expenses from cash he obtained from the operation of an illegal marijuana grow house that he operated until he was arrested. He testified that the former wife was aware that the cash he used came from the operation of the illegal grow house.

The former husband also testified that, if he knew the former wife would claim child support for the cohabitation period, he would have either kept a log of all cash payments or paid the former wife $800 per month in child support and then charge her for rent and other household-related expenses to offset the $800. He would not have allowed her to live rent free in his house. The former husband also acknowledged that he learned in 2016 that the former wife was going to pursue child support arrearages but he did not

attempt to compile records to prove he had paid the household expenses because the funds came from the operation of his illegal marijuana grow house.

In contrast, the former wife testified that, during the cohabitation period, she never told the former husband that she would not "sweat" him for the child support payment. Further, she always intended to claim the unpaid child support because she "was paying everything" with the money she earned, and the former husband made no financial contributions to the household. She also denied knowing anything about the marijuana grow house until the former husband was arrested.

The former husband also testified as to the parties' litigation following the cohabitation period, including several motions filed by the former wife and a domestic violence action she filed against him that was later dismissed. He also testified that he had spent about $92,000 on attorney's fees, and a prior judge ordered the former wife to pay him about $41,000 of those fees. At the hearing, the trial court took judicial notice of the entire dissolution of marriage file and the domestic violence case.

At the conclusion of the hearing, the trial court requested that the parties submit proposed orders. After receiving the parties' proposed orders, the trial court entered the order under review. In the order, the trial court

repeatedly found the former wife's testimony was not credible.

The trial court concluded that the former wife's claim for child support arrearages was barred by the equitable doctrine of laches for the cohabitation period and through December 30, 2016, when the former wife first sought child support. The trial court also stated that its "ruling does not foreclose the Former Wife's right to seek retroactive or prospective child support from December 30, 2016, forward. That issue is preserved for determination at the separately scheduled hearing on the calculation of any such support obligation." Importantly, the trial court also found:

> [T]here was no evidence presented that limiting the enforcement period as set forth in this Order would negatively impact the present or future welfare of either child. The older child is now emancipated and residing with the Former Husband, and the parties currently exercise shared timesharing of their minor daughter. Accordingly, the Court finds this ruling does not impair the children's interests and serves the broader goal of equitable resolution.

The former wife's timely nonfinal appeal followed.[1]

## ANALYSIS

The former wife contends the trial court abused its discretion by

---

[1] We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(iii)a. (providing that district courts can review nonfinal orders that "determine . . . in family law matters . . . the right to immediate monetary relief").

denying her Motion to Enforce Delinquent Child Support based on the equitable defense of laches. We find no abuse of discretion as there was competent, substantial evidence to support the trial court's findings as to each element of the equitable defense of laches. See Dep't of Revenue ex rel. Thorman v. Holley, 86 So. 3d 1199, 1202-03 (Fla. 1st DCA 2012) ("A trial court's application of the doctrines of either laches or equitable estoppel is reviewed for abuse of discretion, provided that there is competent, substantial evidence for each element of the doctrine applied.").

As explained by this Court in Ticktin v. Kearin, 807 So. 2d 659 (Fla. 3d DCA 2002):

> Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It is an equitable defense, and its applicability depends upon the circumstances of each case. Delay alone in asserting a right does not constitute laches, and the burden is on the party who asserts the doctrine of laches to prove prejudice.
>
> In the context of child support arrearage cases, the defense of laches is only applied in extraordinary circumstances where the facts clearly show extreme prejudice.

Id. at 663 (internal citations omitted). "[T]here must be some evidence that the change of financial condition was caused by the delay, such that the change of conditions would render enforcement of the right asserted

7

inequitable." Holley, 86 So. 3d at 1203. Further, the defendant must establish the following four requirements to establish laches in a family law case:

> (1) conduct by the defendant that gives rise to the complaint; (2) that the plaintiff had knowledge of the defendant's conduct and did not assert the opportunity to institute suit; (3) lack of knowledge by the defendant that the plaintiff will assert the right upon which suit is based; and (4) extraordinary injury or prejudice.

Ticktin, 807 So. 2d at 664.

Here, the trial court was required to make credibility determinations because the parties presented conflicting testimony. All credibility determinations made by the trial court were in favor of the former husband. Thus, as reflected in the order on appeal, the trial court credited the former husband's testimony that the former wife informed the former husband when they began to cohabitate that she was not going to "sweat" him for child support because they were now living together. The trial court also credited the former husband's testimony that he paid almost all of the household expenses and the children's expenses with money he obtained from the marijuana grow house, totaling approximately $3,500 per month. As the trial court found: "Relying on that understanding, [the former husband] ceased making formal support payments and instead assumed financial responsibility for the family's needs."

8

In finding that the former husband established the elements of laches, the trial court also stated, in part:

> Here, the Former Husband reasonably relied on the parties' informal agreement and the Former Wife's silence, believing that his in-kind contributions satisfied his child support obligations. His ability to defend against the enforcement action is now materially impaired by the lack of documentation and faded recollections, a situation directly caused by the informal nature of their arrangement—an arrangement to which the Former Wife acquiesced for years. Under these circumstances, the Court finds that the Former Husband has suffered actual, substantial, and inequitable prejudice.
>
> The Court further finds it inequitable to require the Former Husband to pay retroactive child support for both children during a time when he was, in reality, the primary residential parent of the parties' son. Unrebutted testimony established that when the parties separated in June of 2015, their son was 14 years old and remained residing primarily with the Former Husband. Although the parties' Marital Settlement Agreement in effect may have reflected an "every-other-weekend" arrangement, the actual practice—undisputed at the hearing—was that the son spent the majority of his time at the Former Husband's home and visited the Former Wife only infrequently.
>
> Had the Former Wife timely raised her claim for child support, the Former Husband could have sought a modification to reflect the de facto timesharing and avoid being obligated for support for a child who was living with him. However, in reliance on the parties' mutual understanding—and specifically on the Former Wife's express statement that she was "not going to sweat him on the child support"—he made

9

no such filing. The Court finds that holding the Former Husband liable for retroactive child support under these circumstances would be unjust. The equities lie in favor of the Former Husband.

Based on our review of the appendices filed in this Court, which included the transcript of the evidentiary hearing, we conclude that the trial court's finding that the former husband established the requirements for the equitable defense of laches is supported by competent, substantial evidence.

We have considered the remaining arguments raised by the former wife, but find they do not warrant reversal. Accordingly, we affirm the order under review.

Affirmed.